IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BENNIE E. STEPP,

                Plaintiff,

v.                                  CIVIL ACTION NO. 5:04-cv-01062

MICHAEL H. HOLLAND, et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the court are cross motions for summary judgment. For the reasons explained herein, the court **GRANTS** the defendants' motion for summary judgment [Docket 13] and **DENIES** the plaintiff's motion for summary judgment [Docket 15].

*I. Background*

The plaintiff, Mr. Bennie Stepp, is a former coal miner. On May 17, 2002, he applied for a disability pension from the United Mine Workers of America's 1974 Pension Trust (UMWA Trust). The plaintiff claims a back injury sustained while working as a miner on October 24, 1995, substantially caused his disability. (Pl.'s Mot. for Summ. J. 2–3.) Mr. Stepp missed only four days of work following the incident and continued working as a miner until he was laid off on March 3, 2000. (*Id*. 2.) He filed an application for social security disability insurance (SSDI) benefits under Title II of the Social Security Act on February 7, 2001. (R. at 38.) Following an initial denial of benefits, an administrative law judge reversed the previous denial and awarded Mr. Stepp SSDI

benefits on May 15, 2002. The administrative law judge set the date of disability as March 3, 2000. (*Id*. at 43.)

Two days following the SSDI award, Mr. Stepp submitted an application to the trustees of the UMWA Trust for a disability pension. (*Id*. at 105–06.) The pension plan's eligibility requirements provide that a "participant . . . shall, upon retirement . . . be eligible for a pension while so disabled. A participant shall be considered to be totally disabled only if by reason of such accident such [p]articipant is subsequently determined to be eligible for SSDI Benefits." (Exh. B. to Defs.' Mot. for Summ. J. 5.) Therefore, Mr. Stepp must show a causal link between the mine accident and the disability established by the SSDI award.[1]

The trustees for the UMWA Trust denied Mr. Stepp's application for a disability pension because he failed to demonstrate this causal link. (R. at 24.) The trustees found Mr. Stepp was injured in a mining accident in 1995 and was declared disabled as of March 3, 2000, but explained that the mining accident did not cause the disability. (*Id*.) On March 7, 2003, and December 9, 2003, the trustees again denied Mr. Stepp's application for the same reason. (*Id*. at 3, 18.) Mr. Stepp then brought the pending action against the trustees of the UMWA Trust.

*II. Standard of Review*

According to the pension plan, the trustees have discretionary authority to determine whether a claimant is entitled to benefits. The Fourth Circuit has held consistently that the 1974 UMWA

---

[1] Even though an SSDI award conclusively establishes a disability, *Robertson v. Conners*, 848 F.2d 472, 475 (4th Cir.), a pension applicant must still prove that a mine accident "caused" or "is substantially responsible for" the disability. *Chicarelli v. United Mine Workers Health and Ret. Funds*, 943 F.2d 457, 459–63 (4th Cir. 1991).

Pension Plan gives the trustees discretion regarding all issues of eligibility for benefits. *Boyd v. Trs. of the United Mine Workers Health and Ret. Funds*, 873 F.2d 57, 59 (4th Cir. 1989). Because of this discretion, the court will review the trustees' decision to deny the plaintiff's pension application for abuse of discretion. *Sargent v. Holland*, 114 F.3d 33, 35 (4th Cir. 1997). As long as the trustees use a deliberate, principled reasoning process and the decision is supported by substantial evidence, the decision will not be disturbed. *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 655 (4th Cir. 2005); *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir. 1999).

*III. The Trustees' Determination Was Supported By Substantial Evidence*

In a December 9, 2003 letter sent to Mr. Stepp by Linda Fritz, the Assistant Director of Eligibility Services for the UMWA Health and Retirement Funds, Ms. Fritz explains that the trustees examined all of Mr. Stepp's medical records. (R. at 18.) Attached to the letter, Ms. Fritz included her three-page opinion explaining why Mr. Stepp's appeal was denied. (*Id*. at 19–21.) This opinion details Mr. Stepp's medical history since the 1995 accident and states the reasons for finding the accident did not cause his disability. (*Id*. at 21.) This letter followed a February 20, 2003 letter sent to Mr. Stepp from Virginia C. Firth, a Disability Pension Analyst, which initially informed him of his application's denial. (*Id*. at 24.) The February 20, 2003 letter also contained an attached, three-page opinion explaining why his application was being denied. (*Id*. at 25–27.)

Reviewing the reasons for the application's denial reveals substantial evidence in support of the decision. Following the mine incident in 1995, Mr. Stepp worked until he was laid off in 2000. Immediately after the 1995 incident, Mr. Stepp had an MRI taken on his lumbar region, which a radiologist interpreted to reveal a herniated disc at L5-S1. (*Id*. at 27.) The radiologist,

-3-

however, advised the need for his diagnosis to be confirmed by a lumbar myelogram. (*Id.*) There is no evidence of a lumbar myelogram occurring at that time. (*Id.*) The first myelogram apparently taken on Mr. Stepp occurred on May 14, 2001. (*Id.* at 85.) Dr. A. Silk interpreted the myelogram to show the lack of a herniated disc and suggested that any possible back problems were likely degenerative and could be treated conservatively. (*Id.* at 87.) Previous decisions by the trustees of the UMWA Trust to deny coverage based on degenerative disc disease have been affirmed. *See McCoy v. Holland*, 364 F.3d 166, 172 (4th Cir. 2004) (finding that degenerative disc disease cannot be proximately caused by a mine injury). Dr. Judith Brown of Tri-State Occupational Medicine reviewed Mr. Stepp's medical records for workers' compensation purposes on November 2, 2001. (R. at 89–95.) She noted that the myelogram results were "unremarkable" and that Mr. Stepp was "not currently working, but it [was] not because of the back injury." (*Id.* at 89.)

      The plaintiff puts great weight in the administrative law judge's statement that Mr. Stepp had a herniated disc when granting the SSDI award. (Pl.'s Mot. for Summ. J. 3.) The administrative law judge, however, noted that the back problem alone did not render Mr. Stepp disabled—only after it was combined with residual functional capacity did a disability result. (R. at 39.) When taking into account an award of SSDI benefits, the official date of disability is significant. *Richards v. United Mine Workers Health and Ret. Funds*, 895 F.2d 133, 138 (4th Cir. 1990); *Horn v. Mullins*, 650 F.2d 35, 37 (4th Cir. 1981). In this case, the official date of disability was set as March 3, 2000, approximately five years following the mine accident. This time lapse, combined with the medical opinions that Mr. Stepp does not currently have a herniated disc and that his back problems are more likely caused by some form of degenerative disc disease, and with Dr. Brown's opinion that Mr.

Stepp did not stop working because of injuries stemming from the 1995 accident, constitute substantial evidence to support the trustees' decision.

*IV. Conclusion*

Because the trustees' decision to deny the plaintiff's application for a disability pension is supported by substantial evidence, this court will affirm that decision. Accordingly, the court **GRANTS** the defendants' motion for summary judgment and **DENIES** the plaintiff's motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 17, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE